```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

ELIAS LOU ABUSAID, JR.,

    Plaintiff,
v.                              Case No. 8:20-cv-121-T-33CPT

HILLSBOROUGH COUNTY CIRCUIT
COURT, FAMILY LAW DIVISION,
STATE OF FLORIDA, and SECOND
DISTRICT COURT OF APPEAL,
STATE OF FLORIDA,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Hillsborough County Circuit Court's Motion to Dismiss Second Amended Complaint (Doc. # 26), filed on September 8, 2020. Plaintiff Elias Lou Abusaid, Jr., acting pro se, responded on September 15, 2020. (Doc. # 27). For the reasons set forth below, the Motion is granted.

**I.   Background**

This case stems from various proceedings in Florida state court. In 2004, Abusaid initiated a paternity suit against the mother of his children in the Circuit Court's Family Division. (Doc. # 24 at ¶ 18). The state court then entered two judgments against Abusaid in 2005 and 2006, while he was in federal prison. (Id.). Since 2006, Abusaid has

1

appealed to the Second District Court of Appeal at least seven times regarding this paternity suit. (Id. at ¶ 15). In all of those appeals, the state appellate court per curiam affirmed the lower court's decision, meaning that the appeals were dismissed "without explanation" and then remanded back to the Family Division. (Id. at ¶ 13-16). The paternity suit remains active in the Family Division, as there is a hearing scheduled in that court on November 18, 2020. (Id. at ¶ 51).

Although not entirely clear, Abusaid appears to allege that Defendants violated his constitutional rights by, among other things, affirming the Family Division's decisions without explanation, barring Abusaid from "filing pleadings . . . without a signature from an attorney," denying him "meaningful time sharing with his children," and not treating him in the same manner as "other represented parents who can pay out large amounts in [attorneys'] fees." (Id. at ¶¶ 19-24, 36-37, 42, 66).

Abusaid initially filed this action in this Court on January 15, 2020. (Doc. # 1). Abusaid amended his complaint on May 15, 2020 (Doc. # 10), and then again on August 17, 2020. (Doc. # 24). The Second Amended Complaint includes claims against Defendants for violations of the Equal Protection and Due Process Clauses through 42 U.S.C. § 1983

2

(Counts I and II). (Id.) Abusaid requests declaratory and injunctive relief, "reasonable Private Attorney General fees," and that the Court "[i]nitiate a Department of Justice investigation [into the Defendants' actions]." (Id.).

On September 8, 2020, the Circuit Court moved to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim for relief. (Doc. # 26). Abusaid responded (Doc. # 27), and the Motion is now ripe for review.

## II. Legal Standard

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). However, "a pro se litigant still is required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas County, 587 F. App'x 593, 595 (11th Cir. 2014).

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case[.]" Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is based on the face of the pleadings, the Court merely determines whether the plaintiff has sufficiently alleged a basis for subject-matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

Conversely, with factual attacks, the Court assesses the arguments asserted by the parties and the credibility of the evidence presented. See Garcia v. Copenhaver, Bell, & Assocs., 104 F.3d 1256, 1260-61 (11th Cir. 1997). "In resolving a factual attack, the district court may consider extrinsic evidence[.]" Morrison, 323 F.3d at 924 n.5.

"A plaintiff bears the burden of demonstrating that the Court has jurisdiction." Alvey v. Gualtieri, No. 8:15-cv-1861-T-33AEP, 2016 WL 6087874, at *2 (M.D. Fla. Oct. 18, 2016). Courts may dismiss cases pursuant to Rule 12(b)(1) upon finding that the plaintiff's claims are "clearly immaterial, made solely for the purpose of obtaining jurisdiction[,] or are wholly unsubstantiated and frivolous."

Lawrence, 919 F.2d at 1530 n.7 (quoting Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 734 (11th Cir. 1982)).

### III. Discussion

The Circuit Court argues that the Second Amended Complaint should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) because the Court "is forbidden from exercising jurisdiction over [Abusaid's] claims under the Younger abstention doctrine." (Doc. # 26 at 4-6); see Younger v. Harris, 401 U.S. 37 (1971). Because the Court agrees that it must abstain from hearing this case, the Court need only address this argument.

Under the Younger abstention doctrine, federal courts must abstain from exercising jurisdiction when doing so would cause "undue interference with state proceedings." New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 359 (1989). The doctrine applies to state criminal proceedings and "noncriminal judicial proceedings when important state interests are involved." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) (citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The doctrine is premised upon federalism concerns and "maintaining a proper respect for state functions." Lee Memorial Health Sys. v. Guillermo, No.

5

2:10-cv-00700-FtM-36DNF, 2011 WL 5826672, at *2 (M.D. Fla. Nov. 18, 2011).

Under the Younger doctrine, a federal district court must abstain from exercising jurisdiction when there is: "(1) an ongoing state judicial proceeding[,] (2) that implicates important state interests, and (3) [that] provides an adequate opportunity to raise constitutional challenges." Patterson v. Miami-Dade County, No. 18-20878-CV-COOKE/MCALILEY, 2019 WL 8989840, at *3 (S.D. Fla. May 23, 2019) (citing Middlesex, 457 U.S. at 433-34), report and recommendation adopted, No. 18-20878-Civ-COOKE/MCALILEY, 2019 WL 8989841 (S.D. Fla. July 3, 2019).

Here, the state court proceedings that Abusaid seeks to invalidate are ongoing, as a hearing is scheduled on November 18, 2020. (Doc. # 24 at ¶ 51); see Narciso v. Walker, 811 F. App'x 600, 602 (11th Cir. 2020) (finding a state proceeding ongoing for Younger-purposes because a motion to modify visitation rights was pending in family court). Next, the proceedings implicate important state concerns because "matters involving domestic relations and child custody implicate important state interests." Davis v. Self, 547 F. App'x 927, 930 (11th Cir. 2013) (deeming Younger abstention appropriate regarding claims for declaratory and injunctive

6

relief in a child-custody case); see also Narciso, 811 F. App'x at 602 ("[F]amily relations are a traditional area of state concern." (citation omitted)).

Lastly, because "[a] federal court should assume that state procedures will afford an adequate remedy[] in the absence of unambiguous authority to the contrary," and Abusaid points to no authority to rebut this presumption, the state court provides an adequate opportunity to raise Abusaid's constitutional challenges. See 31 Foster Children, 329 F.3d at 1279 (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987)). Thus, the three prongs of Younger are satisfied, and the Court must refrain from exercising jurisdiction over this case. See Chen v. Lester, 364 F. App'x 531, 535 (11th Cir. 2010) (holding that the district court appropriately refrained from exercising jurisdiction over a family-law matter because the elements of Younger were met).

Additionally, as Abusaid is proceeding pro se, he is not entitled to attorneys' fees. See, e.g., Cox v. Bank of Am. Corp., No. 1:15-cv-172-WSD, 2015 WL 5174013, at *10 (N.D. Ga. Sept. 3, 2015) (holding that the plaintiffs in a civil rights action were not entitled to attorneys' fees because they were acting pro se). Finally, Abusaid provides no basis upon which the Court may "[i]nitiate a Department of Justice

7

investigation" into the Family Division's policies or procedures. See Piguet v. J.P. Morgan Chase Bank, N.A., No. 14-62862-Scola, 2015 U.S. Dist. LEXIS 188209, at *1 (S.D. Fla. Aug. 3, 2015) ("Neither does this Court have jurisdiction or authority to order a criminal investigation.").

Thus, the Circuit Court's Motion is granted, and the Second Amended Complaint is dismissed for lack of subject-matter jurisdiction. See Dandar v. Church of Scientology Flag Serv. Org., 24 F. Supp. 3d 1181, 1200-01 (M.D. Fla. 2014) (dismissing claims for injunctive and declaratory relief under the Younger abstention doctrine).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Hillsborough County Circuit Court's Motion to Dismiss (Doc. # 26) is **GRANTED.**

(2) The Second Amended Complaint is **DISMISSED** for lack of subject-matter jurisdiction. The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8